IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN YATSKO, *pro se*, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. **PJM 19-222** |
| SARAH ANN ROEHL, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \*

| | | |
|---|---|---|
| JOHN YATSKO, *pro se*, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. **PJM 19-2076** |
| ALEX AZAR, II, | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

This case concerns a dispute between *pro se* Plaintiff John Yatsko and the Medicare program.[1] In February 2017, Yatsko was injured in an automobile accident involving Defendant Sarah Roehl. *See* ECF No. 7-1, p. 7; ECF No. 1, ¶¶ 2, 4. Because Yatsko is a Medicare beneficiary, Medicare made conditional payments on his behalf to cover his associated medical bills. ECF No. 7-1, p. 2. With the help of an attorney, Yatsko obtained a settlement of $75,000 from State Farm insurance to compensate him for his injuries and medical expenses associated with the accident.

---

[1] Medicare is the federal health insurance program, primarily for people who are age 65 or older. The complaints name as a Defendant Alex M. Azar, II, the Secretary of the U.S. Department of Health & Human Services which, through its Centers for Medicare & Medicaid Services, administers the Medicare program.

1

ECF No. 1, ¶ 4. Upon learning of the settlement and pursuant to 42 U.S.C. § 1395y(b)(2)(B)(ii), Medicare sought reimbursement from Yatsko for $3,158.70 of the conditional payments it previously made. Yatsko then filed two nearly identical lawsuits – the first in this court on January 24, 2019; the second in state court on June 26, 2019, and removed to federal court on July 16, 2019 – claiming that the requested reimbursement is improper. Puzzlingly, and improperly, Yatsko has styled his complaints as interpleader actions. *See. e.g.*, ECF No. 1.

Defendants filed a Motion to Dismiss in the first case on May 22, 2019, which the Court has applied to the second case by Order on October 2, 2019. *See* ECF No. 14. Yatsko has not filed a response.

Defendants argue that the Court lacks subject matter jurisdiction because Yatsko failed to exhaust his administrative remedies with Medicare before filing his lawsuits. ECF No. 7-1, p. 2. There is a multi-step process by which a Medicare beneficiary who is dissatisfied with the amount Medicare seeks for reimbursement may appeal Medicare's decision. *See* 42 U.S.C. § 1395ff(b)(1).[2] Indeed, Yatsko concedes that he did not exhaust his remedies within this administrative process, writing in his Complaint:

> "Yatsko spent a year and countless phone calls to learn Medicare's 'final demand.' Medicare won't say. CMS is glacial. The 'exhaustion' of administrative remedies is exhausting. Thus this petition."

ECF No. 1, ¶ 3.

Moreover, the Court has given Yatsko ample opportunity to respond to Defendants' motion. Following the filing of Defendants' Motion to Dismiss, Yatsko did not file anything with

---

[2] After Medicare granted Yatsko a reduction in the amount it sought and adjusted that figure to take into account Yatsko's procurement costs, including attorney's fees, Medicare issued a demand for $3,158.70. ECF No. 7-1, pp. 8-9. Yatsko then requested a total waiver of that debt, which Medicare denied on March 11, 2019. ECF No. 7-1, p. 9. He then requested a redetermination decision, which, when issued on April 16, 2019, upheld Medicare's recovery claim. *Id.* Although Medicare informed Yatsko the next step in the appeal process, Yatsko failed to request the requisite reconsideration by a Qualified Independent Contractor (QIC). *Id*; *see* 42 C.F.R. § 405.904.

2

the Court for nearly a month, at which time he requested an extension to respond. *See* ECF No. 11. The Court granted Yatsko 45 days to do so. ECF No. 12. He has not done so. When Defendants subsequently asked the Court to consolidate Yatsko's two cases and apply the Motion to Dismiss to both, the Court again granted Yatsko an additional 20 days to respond. *See* ECF No. 14. At that time, the Court explicitly directed Yatsko "to take careful note that, should he not comply in a timely fashion with this Order, it may result in the dismissal of his cases without the Court having heard from him." The Court's deadline for Yatsko to respond has again passed and Yatsko has not contacted the Court. In fact, Yatsko has not had any communication with the Court for nearly five months.[3]

Accordingly, due to Yatsko's failure to timely respond to Defendants' Motion to Dismiss, ECF No. 7, and the obvious merit of Defendants' argument that Yatsko failed to exhaust his administrative remedies, the Court **GRANTS** the motion **WITH PREJUDICE**.

A separate Order will **ISSUE**.

/s/
_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

**November 7, 2019**

---

[3] Yatsko last communicated with the Court on June 17, 2019. ECF No. 11.